## BURTON ROBINSON v. ANTHONY INGRAM.

Court of Common Pleas. Sussex. November 19, 1799.

*Rodney's Notes.*

*Bayard, Vining* [for plaintiff]. *Ridgely, Wilson* [for defendant].

Declaration read by *Bayard* for breaking down fence etc., and patent dated 1797 (objected to by defendant's counsel) in Patent Book, 421.

Warrant read by *Vining* dated March 31, 1794, in Book R, page 220. Survey offered and objected to by *Ridgely*—warrant not sufficient to maintain this action. Title should be complete before the action. Location made after March, 1796.

*Bayard.* This objection does not go to the competency of the evidence offered. The patent is evidence, the effect may be controverted. Possession only is necessary for us to recover, unless they show better title.

PER CURIAM. The survey and patent, though dated since the writ in this cause, may go to the jury, the effect thereof may be controverted.

John Cade. I worked with John Ingram, saw him throw down some fence near the dam, two or three panels, in May or June, 1796, on the south side of the dam, standing on the log just above the water. The fence was on crotches stuck in the mud. The poles fell in the water.

Stephen Costen. In May or June, 1796, I was at B. Robinson's. I saw a hog in his lot rooting up corn. The fence was thrown down that ran in to the water to secure the corn. Have known the lane and fence since 1785 etc.

John Robinson, Jr. Have known the place for twenty years. Burton Robinson has been in possession. At the time it was thrown down [there] was no ditch or fence above along the dam. [It] was B. Robinson's. I saw Anthony Ingram's hogs in the corn rooting it.

James King. I have known the land in dispute thirty years. B. Robinson has been in possession during that time.

William Ryley, surveyor, swore to the plot.

*Wilson* for defendant. We shall rely in part on the evidence of plaintiffs that the fence was in the pond which belonged to us.

Warrant to condemn and value two acres for Robert and James Stephenson to build a mill. May 8, 1766. Freeholders' valuation at £10, damages £2, etc. Returned May 12, 1766. 1774, deed from Robert Stephenson to John Ingram.

John Cade, a witness for plaintiff, sworn, now examined.

*Vining,* for plaintiff, opens the cause.

*Ridgely for defendant.* If a man sets fence on land that does not belong to him, any person may remove it and is not liable.

Cade says the fence John threw down was between the bank and the pond which belonged to Ingram. Robinson's survey should bind him to its limits, and by it he does not run down to where this fence stood.

*Bayard.* Possession sufficient in trespass *vi et armis,* not so in case.

*Wilson.* I agree, if they have a right, though not a bare or naked possession, the action will lie.

*Bayard.* 2 Bl.Comm. 195, possession in time will make title. We have a double title. They have not a shadow of title. Ryley says positively the spot where the trespass was committed was within Robinson's patent.

PER CURIAM. Possession in this case sufficient to support the action etc.

Verdict, not guilty, etc.